UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 01-30043-08 |
| VERSUS | JUDGE ROBERT G. JAMES |
| SPENCER EDWARD PERKINS | MAG. JUDGE KAREN L. HAYES |

MEMORANDUM ORDER

Pending before the Court is a Motion to Confirm Jail Credits [Doc. No. 543] filed by Defendant Spencer Edward Perkins (Perkins"). Perkins contends that he has not been properly credited with time served since he was taken into federal custody on July 6, 2012. According to Perkins, the Bureau of Prisons ("BOP") has begun his sentence computation date as of April 22, 2013, but is willing to give him additional credit from July 6, 2012, through April 21, 2013, if the Court so orders.

Pursuant to 18 U.S.C. § 3585(b), the Attorney General, through the BOP, is charged with calculating a defendant's credit for any time served in federal custody. If a defendant wishes to challenge this calculation, he must first exhaust his available administrative remedies through the BOP before litigating in federal court. *See United States v. Wilson*, 503 U.S. 329, 335 (1992). Then the defendant may seek review in federal court by filing a petition for writ of *habeas corpus*, pursuant to 28 U.S.C. § 2241, in the district in which he is incarcerated. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) ("A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated.").

In this case, Perkins is incarcerated at FCI Forrest City in the Eastern District of Arkansas.

He states that his counsel has contacted the BOP and his case worker, and that the BOP needs an order from this Court to support his request for additional credit. The BOP has neither filed a motion in this Court nor contacted the Court by letter. Assuming, without deciding, that Perkins has exhausted his remedies with the BOP, the Court has no authority to grant the relief requested.

On June 6, 2012, Perkins was arrested by state authorities and charged with committing the offenses of aggravated domestic battery, damage to property, possession of Schedule II controlled substance –cocaine (third offense), and resisting arrest. At the time of his arrest, Perkins was serving a federal term of supervised release. Therefore, on June 18, 2012, the Government petitioned the Court for a revocation hearing based on Perkins' new state court charges. The Court issued a warrant for his arrest and a Writ of *Habeas Corpus Ad Prosequendum.* On July 9, 2012, Perkins was arrested on the warrant and detained by federal authorities.

On March 4, 2013, Perkins made an appearance in state court and pled guilty to "aggravated battery." He was sentenced to serve one year at hard labor with credit for time served in state or federal custody. The state court further ordered his sentence to run concurrently to any sentence imposed by this Court.

On March 18, 2013, the Court held a hearing on the petition for revocation. Perkins admitted that he had committed the new offense of aggravated domestic battery, and his supervised release was revoked. The Court sentenced him to serve 36 months imprisonment. Because the Court did not order otherwise, his federal sentence runs consecutively to the one-year sentence imposed by the state court. Although not entirely clear from the record, Perkins apparently completed his state sentence on April 21, 2013, and began serving his federal sentence. The fact that the state court ordered its sentence to run concurrently has no effect on his federal sentence. Therefore, the

evidence before the Court indicates that Perkins is properly serving his 36-month sentence with the BOP and will be released in a timely manner.

Finally, to the extent that Perkins moves for an amendment of his sentence, the Court does not have the authority to grant him the relief requested. A district court's authority to reduce or modify a sentence is limited by 18 U.S.C. § 3582. Under § 3582, the Court may not modify a term of imprisonment once it has been imposed unless expressly permitted by statute or by Federal Rule of Criminal Procedure 35. *See* 18 U.S.C. § 3582(c)(1)(B). None of the bases permitted under Rule 35 are applicable here. Further, § 3582(c)(1) provides:

> The court may not modify a term of imprisonment once it has been imposed except that–
>
> (1) in any case--
>
> (A) the court, **upon motion of the Director of the Bureau of Prisons**, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–
>
> (i) extraordinary and compelling reasons warrant such a reduction; . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

(emphasis added). In this case, Perkins, not the Director of the Bureau of Prisons, has filed the instant motion, and, thus, § 3582 is not applicable either.

Finally, pursuant to 18 U.S.C. § 3621(b), the Court is aware that the BOP may retroactively designate a state court facility for service of a defendant's federal sentence, thereby crediting him with time served on his state sentence. Prior to making such designation, the BOP considers the Program Statement and certain factors, including any statement by the sentencing court about the purposes for the sentence, and soliciting the sentencing court's opinion on whether the designation

may be appropriate. For example, the sentencing court may believe that designation is appropriate where the federal sentence was imposed first and there was no order or recommendation regarding the service of the federal sentence in relationship to the yet-to-be-imposed state term. To obtain the sentencing court's input, the BOP normally sends a letter explaining that the defendant is under consideration for this designation and inquiring whether the court has any objection. In this case, however, Perkins was sentenced in state court first, and the BOP has not requested input from this Court. It is clear that the authority to designate a place of confinement for federal prisoners rests with the BOP, not with the Court; thus, the Court has no basis for granting Perkins' requested relief under this statute either.[1]

Accordingly, for all of these reasons,

IT IS ORDERED that Perkins' Motion to Confirm Jail Credits [Doc. No. 543], to the extent construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, is DENIED AND DISMISSED.

IT IS FURTHER ORDERED that Perkins' Motion to Confirm Jail Credit, to the extent construed as a motion to amend his sentence or for retroactive designation, is DENIED.

MONROE, LOUISIANA, this 30th day of October, 2013.

*[signature]*
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[1] If Perkins makes the request to the BOP, and the request is denied, Perkins could then challenge that decision by a filing a petition pursuant to 28 U.S.C. § 2241, in the appropriate court, to the extent that the BOP's decision was arbitrary or capricious. However, this issue is premature, and this is not the appropriate court for filing a § 2241 petition.